UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cr-559-6 |
| TITIS JACKSON, ) | |
| ) | Judge John W. Darrah |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Based on the reasoning provided below, Defendant Titis Jackson is ordered to undergo a psychiatric examination pursuant to 18 U.S.C. § 4241.

### BACKGROUND

This matter comes before the Court for status on the issue of Defendant's mental competency to understand the nature and consequences of the proceedings against him or to assist properly in his defense. On September 20, 2012, Defendant was indicted on three counts of Medicare fraud, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). Thereafter, on October 18, 2012, Defendant was arraigned before Magistrate Judge Mason. During this hearing, Defendant was uncooperative and further refused to enter a plea of any kind and claimed that entering a plea would put him under the jurisdiction of the Court. A plea of not guilty was entered on his behalf. Defendant further asserted that he was in possession of a document that would dispose of the case against Defendant in its entirety.

The Court also observed Defendant's conduct in open court on November 7, 2012, November 15, 2012, and December 5, 2012, and considered the statements by

Defendant and his responses to questions asked of him by the Court, and his demeanor throughout these proceedings. The Court further considered a written statement filed by Defendant on December 4, 2012, as well as correspondence Defendant sent on his own behalf to the Assistant United States Attorney. The Court also reviewed the transcript of the previous proceedings before Magistrate Judge Mason, discussed above, and considered the conduct and statements of Defendant at that time.

## LEGAL STANDARD

18 U.S.C. § 4241 governs determinations of the mental competency of an individual to stand trial. 18 U.S.C. § 4241 provides, in pertinent part, that:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). Prior to a competency hearing, the court can order a psychiatric examination of the defendant, and that psychiatric report is to be filed with the court. 18 U.S.C. § 4241(b). 18 U.S.C. § 4247(b) governs the psychiatric examination, and such an examination must be conducted by a licensed or certified psychiatrist or psychologist, who shall be designated by the court.

For an examination ordered under Section 4241, "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b). The examination shall be conducted in the "suitable facility closest to the court." Id.

2

## ANALYSIS

The Court has carefully considered Defendant's demeanor and conduct in open court in proceedings before the Court and before Magistrate Judge Mason. The Court therefore finds that there is reasonable cause to believe Defendant Titis Jackson may be suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, and that, therefore, a hearing shall be conducted pursuant to 18 U.S.C. § 4241, for determination of his mental competency.

It is further ordered that prior to the hearing, Defendant shall submit to a psychiatric examination, pursuant to 18 U.S.C. 4247, and shall be committed to the custody of the Attorney General and the Federal Bureau of Prisons for purposes of the examination, pursuant to Section 4247(c), for placement in the Metropolitan Correctional Center in Chicago, Illinois, for a reasonable period not to exceed thirty days for such examination. The Court designates Jason Bana, a duly licensed psychiatrist, to conduct this examination and requests Dr. Bana to prepare a report, including the following information:

> (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4247(c)(1)-(4)(A). This report shall be furnished to the Court, the

Defendant, and the Government. Following receipt and review of this report, a hearing on the competency of Defendant shall be held on January 15, 2013, at 1:00 p.m.

## CONCLUSION

In light of the foregoing analysis, Defendant Titis Jackson is committed to the custody of the Metropolitan Correctional Center and ordered to undergo a psychiatric examination, pursuant to 18 U.S.C. § 4241, for a period not to exceed 30 days and to be immediately released from custody upon completion of his examination. A formal report shall be furnished by Dr. Jason Bana regarding Defendant's competency, in advance of the competency hearing, scheduled for January 15, 2013, at 1:00 p.m.

Date: December 5, 2012

                JOHN W. DARRAH
                United States District Court Judge